is 2420-022. Thank you so much. Good morning, Your Honors, and may it please the Court, my name is Matthew Robinson on behalf of the appellant Tyreke Skyfield. Primarily in this appeal we're arguing sensing issues. Essentially, Mr. Skyfield has pled guilty to being a felon in possession of ammunition. That charge he admitted simply to possessing a shell casing that was found in an alley. At sentencing, however, through relevant conduct, the government was able to essentially get him sentenced for everything they think he did, but couldn't charge him with. They believed he tried to rob a victim in this case, a victim who they say knew the assailant, however, couldn't identify Mr. Skyfield as being the assailant. The victim, in fact, reported to the police that he didn't know the assailant. Mr. Robinson, can I ask you a question, please? Yes, Your Honor. Of all these arguments that you're making now, and that were also made at the time of sentencing, are legitimate arguments, the problem you have now is that the district judge, Judge Lyman, made very clear findings of fact on these relevant conduct issues, because while it's true that the defendant pleaded guilty to being a felon in possession, it's also true that the court can consider relevant conduct, such as, for example, whether this was part of a robbery, or in the case of the victim who was shot in the foot, whether he was seriously injured. All these things are not elements of the crime, no question about that, but they are relevant, it's called relevant conduct, they're relevant to sentencing. Perfectly legitimate arguments to make, but at the end of the day, the district court made clear findings of fact, saying, you know, it was possessed, the ammunition was possessed in order to commit robbery. It was license Could be somebody else, but he did say Ty. Your client's name is Tyreke. Tyreke. There's a video with a person wearing the same clothing that the defendant was wearing. I mean, I'm not reciting all of this. As far as the injury to the foot, the guy was shot in the foot, he was bleeding. So, you make those arguments, but aren't we going to have to pay a great deal of deference to the district court's findings of fact? Absolutely. These findings of fact come under an abuse of discretion standard of review, and I recognize that. I would argue, though, that these findings were an abuse of discretion. The victim himself did not identify the shooter. Allegedly knew Mr. Skyfield. However, he claims to have not known him and did not identify this individual as a shooter. Not only that, the video evidence was completely inconclusive. No one, the judge relied slightly on the video evidence, but only because the victim or the shooter, I believe, had a white-looking T-shirt in the photograph. But there is no evidence that the victim in this case was shot by Mr. Skyfield. In fact, the victim said he was in the location to sell or to buy a vehicle worth $16,000, and he said the person was, his name was Tyrone. Right, but I guess I'm trying to figure out how much our standard of review does the work here. I think, I am hearing an argument that sounds like you're suggesting that the district court can properly reply on disputed evidence, which is not the standard, right? We can't set out a rule that says that they can only reply on undisputed evidence that's applying in the face of our precedent and the like. So I think what we are looking for from you is what do you think is so strong that we cannot conclude otherwise? Okay. First, I would cite the standard of review again and just say that when, where the parties dispute only whether the facts as found by the district court are sufficient as a matter of law to support enhancements, that that matter is reviewed de novo. And in this instance, these facts don't add up to even an identification of Mr. Skyfield as being the perpetrator of the shooting. The photo evidence was inconclusive. Probation officer who was on probation at the time couldn't identify him as being the shooter. The NYPD did not have probable cause to charge him or arrest him for this robbery that allegedly occurred. Okay. And that's found in the appendix in page 33. And then finally, the $16,000 in cash that the victim had was still on him. You know, the only reason there was the belief that the word, the victim's use of the word Ty, I think he said, Ty, bro, you going to do me like that or something like that? Now, Ty could mean a lot of things. I have a brother named Tyler. This victim was there to buy a car or sell a car or buy a car from someone named Tyrone, Tyreek Skyfield. These things are characteristics that don't add up to the fact that this individual perpetrated that crime. He pled guilty to an open plea of possession of a shell cartridge that they found in an alley. Now, those are the facts. The facts that were found at sentencing, there was no evidence. These things that the judge looked at aren't facts that in any reasonable way could lead you to conclude that he was the perpetrator of a shooting, especially given the fact that NYPD couldn't even have probable cause to arrest him for this. And the government knew when they charged him that they could try to back end all these things through relevant conduct because they can rephrase them in such a way that they can be included in the pre-sentence report and then there's a decision to be made. But the evidence that's relied upon here doesn't establish that a robbery even occurred. And then with respect to the bodily injury enhancement, the only dispute here is with the judge's reading of the guidelines. Yes, a ricocheted bullet hit the victim in the heel. He was forced to go to the hospital for preliminary... My understanding is that we're not clear in our circuit about whether or not a determination of the guidelines are applicable in an accepted factual circumstance is either reviewed for clear error or de novo. Do you have a view on that? I'm sorry, Your Honor. I think I misunderstood your question. Could you ask that again? My understanding is that we are not always consistent, my court, about when we are determining whether or not the guidelines are applicable in an accepted factual circumstance. We understand the basic facts of it. Do we review under clear error or do we review de novo? Well, I think if the circuit is not being consistent in that view, I think it would have to be de novo review to see, to clarify. If that's what this court is asking, I think that should be a de novo review. Okay. Do you have case law that you think encourages a de novo review here or do you have a citation? Well, the citation I have would be the United States v. Burgos, 324 Fed 3rd 88, 2nd Circuit, 2003. And also, I've also cited 21 case unpublished United States v. Sample, S-A-M-P-E-L, also out of the 2nd Circuit. Those are cited in the standard review section of my brief. But that's where I would come with the de novo review is that these facts, yes, factual findings are reviewed for abuse of discretion, but application of those facts to the guidelines themselves, that has to be under de novo review. And with that, Your Honors, we would ask that Mr. Scafio be resentenced. Good morning, Your Honor. Your Honor, may it please the Court. I'm Assistant United States Attorney Adam Margulies. I represented the United States in the district court and I represent the United States on appeal. With respect to sentencing, Judge Lyman did not err, let alone clearly err, in finding that Scafio committed a shooting in connection with a robbery or in finding that the victim in this case suffered bodily injury, the lowest form of injury under the guidelines, from the gunshot wound to his foot. And Judge Lyman's findings were amply supported by a number of facts. They're laid out in the government's brief at pages 36 and 37 with respect to Mr. Scafio's identification as the shooter, and 37 to 38 with respect to the shooting being in connection with a robbery. And the facts with respect to bodily injury are laid out at pages 40 to 44. And finally, Your Honors, as far as substantive reasonableness goes, Scafio's within-guidelines sentence of 136 months imprisonment for illegally possessing ammunition in connection with a shooting while on supervisory lease following multiple prior convictions for serious violent offenses was substantively reasonable. I'm happy to answer any questions from the panel, but otherwise the government will rest on its feet. Can you sample, or sample case, note that there's some question about the standard of review? Can you let me know the government's position? Yes, Your Honor. So I think the way I would look at it is, and I believe there's a citation in the government's brief to the standard, at least with respect to bodily injury, is that it's considered a predominantly factual question, but ultimately it'll depend on what the specific issue is. So if there's a challenge, for example, to how Judge Lyman applied the law with respect to bodily injury, then I believe the court would review that specific argument de novo. If there's a challenge with respect to the facts of the injury, the severity of the injury, I think the court would review that question for clear error. But ultimately I think the reason it's talked about as a predominantly factual issue is that it comes down to the extent of the injury and whether things like whether medical treatment was sought merely as a precautionary measure or was required, and those are factual issues that deserve deference. Why didn't you all give him a conditional plea agreement? Your Honor, there were two reasons that were offered both to defense counsel and the court at the time. One was that the government did not view the issues raised in suppression motions to be particularly substantial issues that would warrant a conditional plea, and the other reason was that, and this is a reason that is cited in fact in the advisory notes of Rule 11, that in the government's view the evidence that was challenged in the suppression motions, even if suppressed, would not have been dispositive to the government's case. So how do you answer a worry on my part, or how does the government answer a worry on my part, about the government refusing to conditional plea agreements when their conduct is under scrutiny? We certainly are not in a position, I mean I would take it that you think that we can't, can we assess for good faith or bad faith? Your Honor, I think it's a hard question to answer because our position in this case is that we're so far afield from what could be considered... I totally get it, I totally get it, but we've got to create law here. Look, I think the law obviously is very expansive in terms of how it talks about the government's discretion with respect to consenting to a conditional plea and the fact that Rule 11 doesn't create an enforceable right to a conditional plea. I don't think, you know, I wouldn't rule out in some egregious scenario that I am having trouble envisioning there being some type of relief. I know the defense says that there is a de facto exception in the Brinkworth case, and I don't know if that could ever be the case in a different scenario outside Brinkworth. This Court hasn't found that, but I would hesitate to say that there would be a general exception that would apply, for example, any time a defendant argues that there was bad faith. Certainly, but do you think a bad faith, like is there a bad faith scrutiny that we can do or scrutiny for bad faith? Your Honor, I would say that if there were, I don't think that there would be such a review that would be triggered just because an argument that there was bad faith made. There would, at a minimum, have to be some sort of an indicia of something unusual going on, which again, and I recognize Your Honor is not saying this, but I think is an issue the Court doesn't need to reach here. Okay, and what do you think is the strongest piece of evidence supporting the notion that Mr. Skyfield was a shooter? There are a few pieces that I believe are... So I would dispute Mr. Skyfield's argument that the video evidence was inconclusive. I think the video evidence was quite strong, viewed collectively. It showed Mr. Skyfield, somebody resembling Mr. Skyfield committing the shooting, not wearing just what appeared to be a white shirt. It was a very distinctive, particular graphic white T-shirt with a particular design. And then a few hours later, an individual who appeared the same wearing the exact same shirt in what appeared to be the same car arrived at a club and presented his identification, which was that it was Tyreek Skyfield. Unless Your Honors have any further questions, the government will otherwise rest on its briefs. Thank you, Your Honors. Just real quickly with respect to good faith review, obviously I know we're pushing the envelope on that argument, but I think there is something to be said. The Brinkworth case dealt with the ability to appeal the denial of a judge's recusal order, and that doesn't survive a plea because the statute there forbids blocking, excuse me, an appeal of that issue. And that's why this Court rightly came down on that side. There is a circuit split on the issue, but the point is, is that when an error affects the integrity of the whole judicial process, and I think that's the language from Brinkworth, that's an issue that should be subject to review. And I just think it's something that's worth taking a look at. With respect to the best evidence that Mr. Skyfield is the shooter, I just heard that he, it is that he was, that the shooter was seen wearing a graphic tee. And that later photos showed an individual with a similar build wearing a similar type T-shirt. Blurry photos. And then finally, the fact that Mr. Skyfield showed his ID at a nightclub, several hours later after a shooting occurred, I just don't understand how that can link him to a shooting. That shows that he walked into a nightclub. It doesn't link him to a shooting, other than that it links him to somebody wearing the same shirt. Same shirt. At a shooting. Yes, it's a similar shirt. None of these things are conclusive, but they're, when you, it's almost like adding zeros. You take a factor that doesn't show anything, and then you start listing them, and all of a sudden it sounds like you have a whole list of factors showing that this individual shot somebody. He didn't, there's no evidence showing that this individual shot him. There is no identity evidence. No one identified him. They're saying it's a T-shirt and he was in a club hours later. So with that, we would ask this Court to vacate Mr. Skyfield's sentence and remain for resentencing. Thank you very much for your time, Your Honors. Thank you, Your Honors.